OTERO ET AL., APPELLANTS, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 554.—Decided January 8, 1923.

RECORD OF TITLE—REGISTRIES OF PROPERTY—SEGREGATION OF WARD.—There being no law providing for the segregation of the ward of Pasto from the district of the registry of Caguas and its aggregation to the district of the registry of Arecibo, the said ward still forms a part of the district of the registry of Caguas, for the fact that it is no longer a part of the municipality of Barros as far as municipal purposes are concerned and has been annexed to the municipality of Morovis, is not of itself sufficient to exclude it from the district of the registry of Caguas or to justify the registrar of Caguas in refusing to record properties situated in the said ward.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellants.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the Registry of Property of Caguas are kept the title record books corresponding to the municipality of Barros and they contain various records of properties situated in Pasto ward of the said municipality, among them being one made on December 23, 1919, in the name of Juan Cabán Otero, married to Concepción Rivera. In February of 1922 the said conjugal partnership sold that property to Alberto Otero Robles and his son Camilo Otero Santos, stating that the property was situated in Pasto ward of the municipality of Morovis, formerly of the municipality of Barros; but the Registrar of Property of Caguas refused to record the sale on the ground that Pasto ward now belongs to Morovis, a municipality which does not form a part of the district of his registry.

From that decision the present administrative appeal was taken on the basis that it is equivalent to a cancelation of the record of the property; but the essential question in this case is whether or not the registrar of Caguas can make the record in view of the fact that Pasto ward formerly belonging to the municipality of Barros, which is included in the registry district of Caguas, is now a part of the municipality of Morovis, which is included in the registry district of Arecibo.

Article 1 of the Mortgage Law prescribes that the territorial district of a registry can not be changed except by provision of law. Article 11 of the Regulations for the Execution of the Mortgage Law provides that when on account of a change in the territorial limits of a registry a new town or rural district is to be added thereto, the Governor General of the island shall fix the date from which the documents relating to the estates situated in the town or judicial district added shall be filed in the registry, and notice thereof shall be published in the official newspapers the

proper time in advance, and that in order to make the addition mentioned, the rules included in the articles following shall be observed. These rules refer to the manner of making the inventory prior to the transfer from one registry to another and of closing the books in the registry from which the segregation is made. When on March 10, 1904, in the Act assigning salaries to the registrars of property and for other purposes, the Legislature separated the municipality of Comerío and the village of Hormigueros from the jurisdictions covered by the Registries of Property of Caguas and San Germán, respectively, and incorporated them into Section Two of the Registry of Property of San Juan and into the Registry of Property of Mayagüez, respectively, it also prescribed the manner of making the transfers from one registry to the other and fixed a date on which the documents should be delivered in the registry into which the incorporation had been made.

In this case the registrar cites no statute, and we know of none, which provides that Pasto ward has been segregated from the Registry of Property of Caguas and has been incorporated into the Registry of Property of Arecibo, but only states in his brief that according to information given to him by the Municipal Commissioner of Morovis, Pasto ward ceased to belong to the Municipality of Barros on May 15, 1895, when on the petition of its inhabitants it was incorporated into the municipality of Morovis by order of the Governor General of the Island, and that the appellant should have obtained certified copies of the records of the property in order to procure its record in the Registry of Property of Arecibo and thus obtain the record of the sale involved in this appeal.

There being no law providing for the segregation of Pasto ward from the district of the Registry of Property of Caguas and its aggregation to the district of the Registry of Property of Arecibo, the said ward still forms a part of the the district of the former for all purposes, for the fact that

the said ward is no longer a part of the municipality of Barros. so far as municipal purposes are concerned and has been annexed to the municipality of Morovis, is not of itself sufficient to exclude it from the district of the Registry of Property of Caguas or to justify the registrar of Caguas in refusing to record properties situated in the said ward; therefore, the decison appealed from is reversed and the record ordered as sought.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.